Matter of Attorneys In Violation of Judiciary Law § 468-a. (Castle) (2019 NY Slip Op 00952)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Castle)


2019 NY Slip Op 00952


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; MICHAEL MURANO CASTLE, Respondent. (Attorney Registration No. 1858166)

Calendar Date: December 24, 2018

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Michael Murano Castle, Ballston Spa, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice in 1983 and currently resides in Saratoga County. He was admitted in Florida in 1991, but is currently listed as ineligible to practice in that jurisdiction.
By September 2009 order, this Court suspended respondent from
the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 since 2001 (Matter of Attorneys in Violation of Judiciary Law § 468, 65 AD3d 1447, 1452 [2009]; see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent cured his registration delinquency in 2017 and initially applied in January 2018 for reinstatement in this state, but such application was denied by this Court in May 2018 (161 AD3d 1443 [2018]) due to respondent's failure to provide evidence of his successful passage of the Multistate Professional Responsibility Examination (hereinafter MPRE) (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Respondent now moves again for his reinstatement by motion marked returnable December 24, 2018. The Lawyers Fund for Client Protection indicates that it has no objection to respondent's application. Petitioner raises no objection, notes respondent's successful passage of the MPRE in conformance with this Court's May 2018 order and advises that it defers to the Court's discretion with respect to respondent's second application.
As an initial matter, we note that respondent has met his threshold burden for reinstatement through his submission of the required documentation in support of his application. Office of Court Administration records demonstrate that respondent has cured the delinquency that resulted in his suspension and that he is current with his biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1)[FN1]. As noted above, respondent also provides, among other things, proof that he has successfully completed the MPRE, as is required for attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Katz], 166 AD3d 1469, 1470 [2018]). Moreover, having reviewed respondent's affidavit and supporting documentation, we are satisfied that he has complied with the order of suspension and the rules of this Court, that he has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Freedman], 166 AD3d 1161 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion.
Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.



Footnotes

Footnote 1: Respondent has certified as "retired" since 2001 (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [g]).